## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**EDWARD ALONZO,**

    **Plaintiff,**

**vs.**                                                      NO: _____

**THE BOARD OF COUNTY COMMISSIONERS
FOR THE COUNTY OF ROOSEVELT, a political subdivision
existing under the laws of New Mexico
109 W. 1st
Portales, NM 88130
Phone: 575-356-5307**

**Roosevelt County Adult Detention Center (manager)
Shayla Ramsey (individually and in her official capacity)
1700 N. Boston
Portales, NM 88130
Phone: 575-356-6871
Fax: 575-226-3761**

**Correction Officer
Julian Vargas (individually and in his official capacity)
1700 N. Boston
Portales, NM 88130
Phone: 575-356-6871
Fax: 575-226-3761**

    **Defendants.**

## CIVIL COMPLAINT FOR VIOLATION OF THE 42 U.S.C. § 1983 CIVIL RIGHTS ACT, PRISON RAPE ELIMINATION ACT, NEW MEXICO TORT CLAIMS ACT AND THE NEW MEXICO CIVIL RIGHTS ACT

**COMES NOW**, Plaintiff, Edward Alonzo by and through his counsel, Christian P.

Christensen, LLC, brings this complaint for violations of the 42 U.S.C. § 1983 Civil Rights Act,

Prison Rape Elimination Act, New Mexico Tort Claims Act §§ 41-4-1 through 30 and the New

Mexico Civil Rights Act §§ 41-4A-1 through 13. As grounds for this complaint he states:

1

**JURISDICTION, VENUE and STANDING**

A) This cause of action is based upon acts or omissions that occurred in Roosevelt County, New Mexico.

B) This cause of action includes violations of Federal protections under 42 U.S.C. 1983 Civil Act and Prison Rape Elimination Act (PREA).

C) The Defendant, the Board of County Commissioners for the County of Roosevelt, is the political subdivision recognized by the laws of the State of New Mexico, which can be sued in a court of law pursuant to §4-46-1 1978 *et. al.*, and is located in Roosevelt County, New Mexico.

D) The Board of County Commissioners for the County of Roosevelt may be served through its registered agent: Roosevelt County Clerk, Mandi Park, 109 W. 1st St., Portales, NM 88130.

E) Accordingly, venue is proper with Roosevelt County District Court which has jurisdiction over the parties and the subject matter herein.

**FACTS COMMON TO ALL COUNTS**

1. The date and approximate time of each individual incident is on or about the early morning hours on June 14, 2024, and June 21, 2024.

**CLAIMS UNDER 42 U.S.C. § 1983, PRISON RAPE ELIMINATION ACT, NEW MEXICO TORT CLAIMS ACT AND THE NEW MEXICO CIVIL RIGHTS ACT**

COUNT 1

Intentional Infliction of Emotional Distress

1) Plaintiff hereby incorporates the foregoing and following paragraphs of his Complaint herein by reference as if recited verbatim.

2

2) Defendant(s) have the responsibility to ensure the rights of all individuals are protected.

3) NMSA 41-4-12. Liability; law enforcement officers. (1977)

The immunity granted pursuant to Subsection A of Section 41-4-4 NMSA 1978 does not apply to liability for personal injury, bodily injury, wrongful death or property damage resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers while acting within the scope of their duties.

4) Case law supports the claim of Intentional Infliction of Emotional Distress in this type of situation against the government actor. In other words, immunity is waived:

See *Romero v. Otero,* 678 F. Supp 1535 (D.N.M.) (Damages for emotional distress, however, may be recoverable as damages for "personal injury" resulting from one of the enumerated acts.

5) Defendant, Julian Vargas, drew on Plaintiff's person at least twice. On or about June 14, 2024, defendant drew a penis on Plaintiff's right arm while Plaintiff was sleeping. On or about June 21, 2024, defendant, this time, drew a penis on Plaintiff's face while he was sleeping.

6) Plaintiff continues to be frustrated by the insensitivity and callous attitude that was displayed towards the Plaintiff.

7) Each incident occurred after the defendant found out that Plaintiff was gay.

3

8) Each incident was planned and carried out when Plaintiff was not able to react or defend himself.

9) The Defendants actions described in the paragraphs above constitute a violation of Plaintiff's rights, privileges and protections afforded under the protection of the Constitution of the United States of America, State of New Mexico under which immunity has been waived by §41-4-12 NMSA and 42 U.S.C. § 1983.

10) Judgment should be entered for Plaintiff and against Defendants in an amount to be proven at trial.

COUNT II

Cruel and Unusual Punishment

11) Plaintiff hereby incorporates the foregoing and following paragraphs of his Complaint herein by reference as if recited verbatim.

12) Defendant, by using his position of authority and access to Plaintiff while he was asleep and defenseless chose to inflict punishment upon a person in a protected class, sexual orientation.

13) The actions of defendants who were trained (we assume) to not allow such actions to happen, purposefully did the action in a planned and deliberate manner. Defendant's actions were done in a malicious, wanton, willful and reckless indifference to the interests and rights of Plaintiff and in such a manner as to shock the conscience.

14) Judgment should be entered for Plaintiff and against Defendants in an amount to be proven at trial.

## COUNT III

Defamation of Character

15) The Plaintiff incorporates by reference the allegations contained above and below as is set forth in full herein.

16) In the early morning hours, of both June 14th and 21st 2024, defendant purposefully drew a penis on Plaintiff.

17) This was done after defendant found out that Plaintiff was gay.

18) This can only be described as an attempt on two different occasions to hold Plaintiff up to public ridicule because of his sexual orientation.

19) No law exists to support such behavior by an actor of the State of New Mexico in the State's employ.  The defendant had a duty to protect the rights of the Plaintiff and purposefully chose to ignore his duty.

20) Defendant had a duty, breached that duty, which in turn caused harm to Plaintiff and that breach of duty is the proximate cause of harm to Plaintiff.

21) Defendant by his willful and reckless disregard for the rights of Plaintiff coupled with his negligent, arbitrary and capricious actions by not following protocols and common sense created this cause of action.

22) Judgment should be entered for Plaintiff and against Defendants in an amount to be proven at trial.

## COUNT IV

Battery

23) Plaintiff hereby incorporates the forgoing and following paragraphs of his Complaint herein by reference as if recited verbatim.

5

24) On two occasions defendant, Julian Vargas, touched or applied force to Plaintiff, by drawing a penis on him in a rude, angry or insolent manner.

25) Plaintiff was asleep and defenseless on both occasions.

26) Judgement should be entered for Plaintiff and against Defendants in an amount to be proven at trial.

## COUNT V

### Negligence per se

27) Plaintiff hereby incorporates the foregoing and following paragraphs of his Complaint herein by reference as if recited verbatim.

28) Plaintiff posits, in this cause, that the Defendants have rules to apply and responsibilities connected to in hiring and training law enforcement personnel.

29) Defendant Julian Vargas was employed by the Roosevelt County Detention Center.

30) The Board of County Commissioners for the County of Roosevelt, Roosevelt County New Mexico, did not perform, train and document appropriately the officer's performance and provide sufficient oversight causing Plaintiff to receive the damages referenced herein.

31) Judgment should be entered for Plaintiffs and against Defendants in an amount to be proven at trial.

## COUNT VI

### Negligence

32) Plaintiff hereby incorporates the foregoing and following paragraphs of his Complaint herein by reference as if recited verbatim.

6

33) The Board of County Commissioners for the County of Roosevelt, the County Manager for the County of Roosevelt, the Roosevelt County Adult Detention Center, their managers and supervisors and the other Defendants have a duty to train and be trained in the policies and procedures necessary to protect the rights and privileges under the Constitution of the State of New Mexico of all persons under their custody and control.

34) The Roosevelt County Adult Detention Center, with its personnel, through the negligent performance of their duties caused harm. They had a duty to protect the rights of others in their custody.

35) This lack of training, or in the alternative lack of competent oversight, is negligent.

36) Plaintiff posits, in this case, that the Defendants have rules, duties and responsibilities connected to hiring, training and supervising correctional officers which is systemically defective.

37) Defendants had a responsibility to immediately follow the protocols and procedures as set forth in the Prison Rape and Elimination Act.

38) They did not complete this duty.

39) Defendants' negligence caused Plaintiff's damages including pain and suffering, loss of enjoyment of life and other continuing damages the extent of which may be unknown at this time.

40) Judgment should be entered for Plaintiff and against Defendants in an amount to be proven at trial.

## CLAIMS AGAINST DEFENDANT BY PLAINTIFF UNDER THE NEW MEXICO CIVIL RIGHTS ACT

A) Plaintiff posit that all of the claims enumerated under the New Mexico Tort Claims Act, of this Complaint are to be included with the counts under the New Mexico Civil Rights Act. Therefore, the following counts are in addition to the previous acts.

B) Plaintiff's civil rights have been violated including New Mexico Constitution Article II § 4, (inalienable rights to defend their liberty, protecting property and seeking and obtaining safety and happiness); Art. II § 10, (secure in their persons, papers, homes and effects from unreasonable searches and seizures); Art. II § 18 (substantive and procedural due process and equal protection of the laws).

COUNT I

Discrimination

A) The allegations contained above and below are incorporated herein by reference as if set forth in full.

B) All actions taken by defendant against Plaintiff occurred after defendant found out that Plaintiff was gay.

C) Defendant deliberately chose to batter and humiliate Plaintiff.

D) This is an example of active discriminatory actions under federal and state constitutions, laws and regulations.

E) No theory has been put forward as to why this would be appropriate behavior by a correctional officer.

F) The Defendants, in this situation, are responsible for the deprivation of rights under the color of law.

G) Defendants, in their respective positions and responsibilities, are jointly and severally liable. They have a duty to protect the rights of all citizens and residents of New Mexico and the United States of America. Their arbitrary and capricious actions have harmed Plaintiff financially, emotionally, professionally and physically. Defendants have a legal duty to not discriminate. They breached that duty and that breach is the proximate cause for the damages suffered by Plaintiff. Plaintiff should be awarded all damages that are available under the law.

H) Judgment should be entered for Plaintiff and against Defendants in an amount to be proven at trial.

## JURY TRIAL REQUEST

Plaintiff hereby requests a trial by jury for each and every issue in this cause and tenders a jury fee herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment against Defendants as follows:

a) Compensatory damages in an amount to be determined at the trial of this matter including but not limited to damages from the counts and causes of action referenced herein under 42 U.S.C. § 1983 Civil Rights Act, Prison Rape Elimination Act, New Mexico Torts Claims Act and the New Mexico Civil Rights Act;

b) Consequential damages flowing from the multiple incidents referenced herein;

c) Punitive damages in an amount to be determined at the trial of this matter;

d) Damages arising out of past pain, suffering and mental trauma;

e) Damages arising out of future pain, suffering and mental trauma;

f) Past medical bills including but not limited to counseling;

9

g) Future medical bills including but not limited to counseling;

h) The cost of this action;

i) Post-judgment and pre-judgment interest; and

j) Any and all other relief the Court deems just and proper.

Respectfully Submitted,

Christian P. Christensen, LLC

By: _/s/ Chris Christensen_____
      Christian P. Christensen
      PO Box 844
      101 N. Avenue A
      Portales, NM 88130-0844
      575-226-5291
      575-226-5292 fax
      *Attorney for Plaintiff*

## AFFIDAVIT

**STATE OF NEW MEXICO**          }
                                 } ss.
**COUNTY OF ROOSEVELT**          }

I, Edward Alonzo, having reviewed the Complaint filed in my behalf state that the representations made in said Complaint are true and accurate as far as affiant knows and understands the statements in the Complaint.

FURTHER AFFIANT SAYETH NAUGHT

Dated 05/21/_____, _____, 2026.

By: _____
    EDWARD ALONZO

SUBSCRIBED, SWORN TO, AND ACKNOWLEDGED before me on this 21 day of May_____, 2026, by Edward Alonzo.

_____
Notary Public

My Commission expires: 9-6-2026 .

VANESSA LYNN LUCERO
NOTARY PUBLIC
STATE OF NEW MEXICO
COMMISSION # 1138708
COMMISSION EXPIRES: 09-6-2026

11